IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNA MAIRE MOODY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 15-cv- 1014 |
| ) | (Removed from St. Clair County |
| **BOARD OF TRUSTEES OF COMMUNITY** ) | Circuit Court Case No. 15-L-374) |
| **COLLEGE DISTRICT #522,** ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441, 28 U.S.C. §1446, 28 U.S.C. §1331 and 28 U.S.C. §1367, Defendant, **Board of Trustees of Community College District No. #522**, by and through its attorneys, **Becker, Hoerner, Thompson & Ysursa, P.C.**, and, hereby removes the above-captioned matter from the Circuit Court of St. Clair County, Illinois to the United States District Court for the Southern District of Illinois, based upon the following:

1. On June 29, 2015, Plaintiff filed her two (2) count Complaint in St. Clair County Circuit Court, specifically asserting state-law claims under the Illinois Human Rights Act (see Exhibit A); summons was served on Defendant on July 1, 2015 (see Exhibit B). On or about July 14, 2015, Plaintiff filed her Motion for Leave to File First Amended Complaint (see Exhibit C), with Notice of Hearing scheduling a motion hearing on July 20, 2015 (see Exhibit D). On July 31, 2015, Defendant filed its Entry of Appearance, Jury Demand and Motion for Extension of Time Within Which to Respond to Plaintiff's Complaint. (See Exhibit E). On August 20, 2015, the St. Clair County Circuit Court granted Plaintiff leave to file her Amended Complaint (see Exhibit F). That same day, Plaintiff filed her five (5) count Amended Complaint against Defendant in St. Clair County Circuit Court, still alleging state-law claims under the Illinois

Human Rights Act (Counts I and II), and adding federal claims under Title VII of the Civil Rights Act of 1964 (Counts III and IV) and the Family Medical Leave Act of 1993 (Count V). (See Exhibit G).

2. 28 U.S.C. §1441(a) pertinently provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. Furthermore, 28 U.S.C. §1446 pertinently provides:

**(a) Generally.**--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
**(b) Requirements; generally.**--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**(c) Requirements; removal based on diversity of citizenship.**--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--

(i) nonmonetary relief; or

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332.

(3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332, information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

(B) If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

**(d) Notice to adverse parties and State court.**--Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

4. Defendant's removal of the above-captioned matter to this Court is proper under 28 U.S.C. §1441 in that this Court has original jurisdiction, pursuant to 28 U.S.C. §1331, over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 (Counts III and IV) and the Family Medical Leave Act of 1993 (Count V), and supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over Plaintiff's state-law claims under the Illinois Human Rights Act (Counts I

and II), and venue is proper because this Court embraces St. Clair County Circuit Court within the meaning of 28 U.S.C. §1441.

5. Defendant's removal of the above-captioned matter is timely pursuant to 28 U.S.C. §1446(b)(3) in that this Notice of Removal is filed within thirty (30) days after the St. Clair County Circuit Court granted Plaintiff leave to file her Amended Complaint, from which Defendant first ascertained that the case is one which is or has become removable. See *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998).

6. In addition to the aforementioned Exhibits, Defendant also attaches other miscellaneous Orders of the St. Clair County Circuit Court in this matter (see Exhibit H) in accordance with 28 U.S.C. §1446(a).

7. Defendant will promptly serve a copy of this Notice of the Removal of this action upon all adverse parties and file a copy of this Notice of Removal with the St. Clair County Circuit Court as required by 28 U.S.C. 1446(d).

WHEREFORE, Defendant, **Board of Trustees of Community College District No. #522**, respectfully provides notice that the above-captioned matter is removed from the Circuit Court of St. Clair County, Illinois to the United States District Court for the Southern District of Illinois.

BECKER, HOERNER, THOMPSON & YSURSA, P.C.

By: *[signature]*

Garrett P. Hoerner
No. 6243119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, IL 62226
(618) 235-0020

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2015, I electronically filed this document with the Clerk of the Court using the CM/ECF system, and further served a copy of same upon the following attorneys of record via electronic mail and first-class U.S. Mail:

Sarah N. Swatosh
Attorney at Law
3407 South Jefferson Avenue, Suite 208
St. Louis, Missouri 63118
swatosh@protectingemployeerights.com

By: _____
Garrett P. Hoerner