**EXHIBIT A**

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 15 L 374

Amount Claimed Excess $50,000

Donna Marie Moody

VS

Southwestern Illinois College

Plaintiff(s) | Defendant(s)

Classification Prefix __L__   Code __01__   Nature of Action __LAW__   Code _____

Pltf. Atty. Sarah Jantosh   Code _____
Address 1907 S. Jefferson, Ste 205
City St. Louis MO   Phone _____
Add. Pltf. Atty. _____   Code _____

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**
NAME George Castello
ADDRESS 2500 Carlyle Ave
CITY & STATE Belleville, IL 62221

X **SUMMONS COPY**
To the above named defendant(s).......:

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20__
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 6-29- 20 15

**SEAL**

Natalie Clay
Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: _____ 20 ___
(To be inserted by officer on copy left with defendant or other person)

**NOTICE TO DEFENDANT IN SMALL CLAIMS UNDER $15,000- - -SEE REVERSE SIDE**

CC-MR-1

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

DONNA MAIRE MOODY, )
)
    Plaintiff, )
)
vs. ) Case No. 15L374
)
SOUTHWESTERN ILLINOIS )
COLLEGE, )
)
    Defendant. )
)

FILED
ST. CLAIR COUNTY
JUN 2 9 2015
32   CIRCUIT CLERK

### COMPLAINT

COMES NOW DONNA MAIRE MOODY, ("Plaintiff"), and for its action against Southwestern Illinois College ("Defendant"), states as follows:

### Parties

1. Plaintiff is an African American (black) female citizen residing in St. Clair County, Illinois.

2. Defendant is the fifth largest community college in Illinois with campuses in Belleville, Granite City, and Red Bud, plus 20 off-campus sites throughout the district, including Scott Air Force Base and the East St. Louis Community College Center. Defendant offers more than more than 150 academic programs.

3. At all relevant times herein Defendant employed 15 or more individuals and was an employer within the meaning of 775 ILCS 5/2-101(B).

### Jurisdiction and Venue

4. This case arises under the Illinois Human Rights Act, 775 ILCS 5 making jurisdiction appropriate in this Court.

5. Venue is proper before this Court pursuant to 735 ILCS 5/8-111 in that Plaintiff's

civil rights were violated in St. Clair County, Illinois and Defendant is a resident of St. Clair County, Illinois.

6. In June 2014, Plaintiff filed a timely charge of discrimination against Defendant with the Illinois Department of Human Rights. Plaintiff asserted claims of discrimination and retaliation.

7. Pursuant to 775 ILCS 5/7A-102(A)(1), said filing occurred within 180 days of the last act of discrimination and/or retaliation perpetrated by Defendant.

8. On April 1, 2015, the Illinois Department of Human Rights issued a Notice of Right to Sue to Plaintiff.

9. Plaintiff has performed or satisfied all conditions precedent to this action.

## COUNT I
## VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

10. Plaintiff began working for Defendant in September 1989.

11. At the time of her termination, Plaintiff was the Director, Minority Transfer and Multicultural Students Services Center ("Multicultural Department"). Plaintiff had held that position since May 1994.

12. Plaintiff's peers were Dave Paeth (Caucasian), Director of College Activities & Veteran Services; Kelly Atkins (Caucasian), Director of Disability and Access Center, and; Robert Tebbe (Caucasian), Director of Financial Aid.

13. Some of Plaintiff's duties included: transfer workshops; scholarship search workshops; Historical Black College tours; Men of Character and Ambition ("MOCA") programs; Ladies Achieving Their True Excellence ("LATTE") programs; coordinating and planning multi-cultural events; Black Affairs Council, BACCHUS, and Colors of Theatre and Entertainment ("COTE"), student orientation, and chair of the Multicultural Affairs Committee

(employee based).

14. With regard to multi-cultural events, Plaintiff coordinated and planned observance of MLK, Kwanzaa, Black History Month, Women's History Month, Asian Heritage Month, Native American Heritage Month, and National Hispanic Heritage Month. To celebrate and the highlight the contributions of these persons in history and contemporary society, Plaintiff brought to Defendant's campus guest speakers (national and local), dance performances, poets, and musicians.

15. To help students stay in school and realize their potential, Plaintiff created and led MOCA and LATTE (mentoring, retention programs). Both of these programs were designated as "superior programs" by Academic Quality Improvement Project ("AQIP").

16. AQIP is a self-assessment and self-improvement process that helps Defendant achieve its mission and values and improve the quality of student learning. The AQIP process focuses on continuous improvement and gives Defendant the opportunity to show that it meets the Higher Learning Commission's accreditation standards through the pursuit of well-focused quality improvement projects. Besides attesting to a commitment to self-improvement, accreditation means that Defendant's course credits transfer more easily and that courses qualify for the federal financial aid that is so vital in this economy.

17. Plaintiff also coordinated and led diversity training workshops for faculty, students, staff and members of the community.

18. Plaintiff was on the health and wellness committee. Plaintiff was the MC for nearly 10 years for an anti-drugs rally aimed at elementary children. The event was attended by 1200-1600 elementary and high school children.

19. In order to expand students' perspectives, Plaintiff annually took 10-25 students

on tours of Historically Black Colleges (including Tennessee State, Fisk, Meharry Medical College, Spelman, Morehouse College, Morris Brown College and Clark Atlanta University). There are no Historically Black Colleges in the State of Illinois.

20. Plaintiff created a 3-credit hour course based on the tour. This course generated revenue for the college.

21. During her employment, Plaintiff performed her job to the best of her ability and met the legitimate job expectations of Defendant.

22. In August 2013, Plaintiff was informed that the Multicultural Department was going to "reorganized."

23. Plaintiff was further told that after the reorganization she would have a job.

24. Plaintiff expressed her disagreement with Defendant's decision to reorganize the Multicultural Department.

25. Plaintiff opposed the reorganization of the Multicultural Department because she believed that the diversity rich programs would be discontinued and there were would be detrimental impact on minority students.

26. For example, prior to her termination Plaintiff's effort to plan a two day conference called the "Black Student Leadership Conference" had been met with resistance. Therefore, Plaintiff reasonably believed that such programs and similar resources would be eliminated.

27. After Plaintiff was fired, Plaintiff's legitimate, good faith concern was realized. Namely, a Caucasian employee planned the conference and restyled it as a "Student Leadership Conference."

28. At any rate, Plaintiff told several individuals including Sherry Favre (Director of

HR) and Staci G. Clayborne (Vice President of Student Development) that the reorganization would have a detrimental impact on the school's minority population.

29. Plaintiff asked Clayborne to share her concerns about the reorganization at the President's staff meeting.

30. Plaintiff's concerns were largely ignored.

31. Shortly after being told of the reorganization, Plaintiff began a statutorily protected leave of absence under the Family Medical Leave Act.

32. Soon after hearing Plaintiff's opposition to the reorganization and soon after Plaintiff began FMLA leave, Defendant engaged in a pattern and practice of retaliatory conduct.

33. Though Plaintiff was not scheduled to return to work until November 18, 2013, Defendant placed Plaintiff on administrative leave on November 15, 2013.

34. Defendant alleged that Plaintiff was not properly monitoring and/or approving the time sheets of the two part-time employees in the Multicultural Department. As a result, Plaintiff was issued a letter of reprimand in December 2013.

35. Contrary to Defendant's allegation, Plaintiff did not violate the plain language of the Collective Bargaining Unit.

36. Moreover, Plaintiff had been monitoring and/or approving the time sheets the same way – without issue – for nearly a decade.

37. Upon information and belief, Defendant did not initiate any investigation into whether the other Directors were properly monitoring and/or approving their employees' time cards.

38. When Plaintiff returned from the leave, Plaintiff's duties were taken away from her and her belongings had been moved from her private office to a shed.

39. As Plaintiff no longer had an office in the Multicultural Department, she split her time between the College Activities Department and the Disability and Access Center.

40. Plaintiff did not have a private office in the College Activities Department. She was forced to work in an open space (not even a cubicle) with the secretary and students.

41. Plaintiff did not have a private office in the Disability and Access Center. She was forced to sit at the receptionist desk and answer the phone.

42. Plaintiff was also forced to start reporting to her peers, Paeth and Atkins, as well as their direct reports, Jeff Blue (Caucasian) and Mary Ann Ziegler (Caucasian).

43. On February 11, 2014, Defendant ratified the discriminatory and retaliatory conduct.

44. On February 11, 2014, Defendant issued a Memorandum to Plaintiff that stated Plaintiff was being "assigned shared responsibilities in the College Activities and Disability and Access Center offices under the supervision of Dave Paeth and Kelly Atkins."

45. Two weeks later, on February 26, 2014, Plaintiff was informed that her employment contract would not be renewed. Therefore, Plaintiff's employment with Defendant would terminate on June 30, 2014.

46. Defendant's Board of Trustees, however, did not approve Plaintiff's termination until March 2014.

47. None of the Directors in the Student Development Division, all of whom are Caucasian, lost their job as part of the reorganization. Instead, pay raises and promotions were handed out to several employees in the Division.

48. After Plaintiff was notified that she was being terminated she applied for a position as academic counselor. Though there were several openings, she was never interviewed

or talked to regarding the openings.

49. When other departments have been reorganized, Defendant has moved Caucasian employees to other positions.

50. Plaintiff's last day of employment with Defendant was June 30, 2014.

51. Defendant's termination of Plaintiff's employment is discrimination based on race and color in violation of the IHRA, 775 ILCS 5/2-102.

52. Plaintiff was subjected to discrimination with respect the terms, conditions and/or privileges of her employment.

53. Defendant applied different terms and conditions of employment to non-African Americans and persons of color, including different standards of conduct.

54. Defendant limited, segregated and classified Plaintiff in a way that adversely affected her status as an employee.

55. As a result of Defendant's conduct and the allegations herein, Plaintiff has suffered and will continue to suffer lost wages and benefits of employment.

56. As a result of Defendant's conduct and the allegations herein, Plaintiff has incurred attorneys' fees and costs of litigation.

57. As a result of Defendant's conduct and the allegations herein, Plaintiff has suffered emotional distress, loss of enjoyment of life and mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by IHRA; for an award of lost wages and other benefits of employment, compensatory damages, prejudgment interest, appropriate declaratory and injunctive relief, reinstatement and/or front pay and other appropriate equitable relief, attorneys' fees and costs and for such additional relief as

may be just and proper under the circumstances.

## COUNT II
## VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

58. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

59. Plaintiff engaged in protected activity when she complained that the reorganization would have a detrimental effect on minority students.

60. Following Plaintiff's active opposition to the reorganization of the Multicultural Department, Defendant retaliated against Plaintiff by altering the terms, conditions or privileges of her employment. Among other things, Defendant evicted Plaintiff from her office, took away her job responsibilities, forced her to report to her peers and subordinates, perpetuated a witch hunt to find a reason to issue to discipline and terminated her employment.

61. Defendant's actions, as set forth above, constitute an intentional pattern and practice of retaliation based on reports of discrimination, all in violation of the IHRA, 775 ILCS 5/6-101.

62. As a result of Defendant's conduct and the allegations herein, Plaintiff has suffered and will continue to suffer lost wages and benefits of employment.

63. As a result of Defendant's conduct and the allegations herein, Plaintiff has incurred attorneys' fees and costs of litigation.

64. As a result of Defendant's conduct and the allegations herein, Plaintiff has suffered emotional distress, loss of enjoyment of life and mental anguish.

65. Defendant's conduct was outrageous because of Defendant's evil motive or reckless disregard to Plaintiff's right not to be retaliated against for opposing discriminatory practices.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by IHRA; for an award of lost wages and other benefits of employment, compensatory damages, prejudgment interest, appropriate declaratory and injunctive relief, reinstatement and/or front pay and other appropriate equitable relief, attorneys' fees and costs and for such additional relief as may be just and proper under the circumstances.

Respectfully submitted,

THE LAW OFFICE OF SARAH N. SWATOSH

*/s/ Sarah Swatosh*

Sarah Swatosh
3407 S Jefferson Ave, Suite 208
St. Louis, MO 63118
Tel: 314-282-5634
swatosh@protectingemployeerights.com
www.protectingemployeerights.com

Counsel for Plaintiff Donna Marie Moody

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

Donna Marie Moody )
Plaintiff )
) Case No.: 15L374
v. )
)
Southwestern Illinois College )
Defendant )

## AFFIDAVIT

This affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided by §1-109 of the Codes of Civil Procedure, the undersigned certifies that the money damages sought by the plaintiff herein does/~~does not~~ exceed $50,000.00.

Name: Sarah Swatosh

Address: 3407 S. Jefferson Ave, Ste 208

City/State/Zip: STL, MO 63118

Telephone No.: 314-282-5634

E-mail Address: swatosh@protectingemployeerights.com

**ATTORNEY FOR PLAINTIFF**